[Dkt. Nos. 28, 29, 30, 35, 36, 38, 42]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DANIEL KESSLER, on behalf of himself and those similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>JOARDER PROPERTIES LIMITED LIABILITY COMPANY, et al.,<br><br>  Defendants. | Civil No. 18-11867(RMB/KMW)<br><br>**OPINION** |

**RENÉE MARIE BUMB**, United States District Judge:

Plaintiff Daniel Kessler ("Plaintiff" or "Mr. Kessler") commenced this putative collective action, on behalf of himself and all similarly situated individuals, against Defendants Joarder Properties Limited Liability Company and Salim Joarder ("Defendants")[Dkt. No. 1], alleging failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the New Jersey Minimum Wage Law ("NJMWL"), and the New Jersey Wage Payment Law ("NJWPL").

After a somewhat unusual chain of events, this matter comes before the Court upon various motions filed by the parties, including Plaintiff's attorneys at Smith Eibeler, LLC ("Smith

Eibeler" or "Plaintiff's Counsel").  For the reasons set forth herein, Plaintiff's Counsel's Motion for a Protective Order [Dkt. No. 28], Plaintiff's Counsel's Motion to Amend/Correct the Complaint [Dkt. No. 29], Plaintiff's Counsel's Motion to Dismiss Plaintiff Daniel Kessler [Dkt. No. 30], and Defendants' Cross-Motion for a Protective Order [Dkt. No. 36] will be **DENIED AS MOOT**.  Additionally, Plaintiff's Voluntary Motion to Dismiss [Dkt. No. 38] and Defendants' Cross-Motion to Dismiss [Dkt. No. 35] will be **DENIED WITHOUT PREJUDICE**.  Because no judgment has been entered in this case, Plaintiff's Counsel's Motion for Attorneys' Fees [Dkt. No. 42] is premature and will also be **DENIED WITHOUT PREJUDICE**.

Finally, as FLSA settlement agreements require approval from either a court or the Department of Labor ("DOL"), Defendants will be **ORDERED** to submit their settlement agreement with Mr. Kessler for this Court's review and approval, or attest that no such agreement exists, if the parties wish to dismiss this matter.

I. **BACKGROUND & PROCEDURAL HISTORY**

Plaintiff Daniel Kessler was formerly employed as a pizza delivery driver for Defendants, who operate Domino's Pizza franchises in Pennsylvania and New Jersey.  On July 20, 2018, Plaintiff commenced this putative class action against his

former employer. Within days after commencing this action, at least five putative class members (the "Putative Opt-In Plaintiffs") submitted notices of their intent to "opt-in" to the litigation. [See Dkt. Nos. 3, 4, 5, 7, and 8]. However, on September 14, 2018, only a few months later, Defendants represented to this Court that dismissal was warranted because "Plaintiff has stated his intention not to proceed with this case." [Dkt. No. 21]. In response, Plaintiff's Counsel alleged that Defendants had convinced Plaintiff and the Putative Opt-In Plaintiffs to drop their cases, using coercive tactics to secure private and confidential settlement agreements without the presence of counsel. [See Dkt. No. 22]. In turn, on October 8, 2018, Plaintiff's Counsel filed a Motion for a Protective Order [Dkt. No. 28], seeking to prevent Defendants from communicating with putative class members about the case without counsel.

Based on their client's stated desires to withdraw from the case, Plaintiff's Counsel moved to dismiss Plaintiff Daniel Kessler as name plaintiff [Dkt. No. 30]. However, Plaintiff's counsel alleged that additional putative class members were prepared to step into the case and, therefore, moved to amend/correct the complaint to substitute a new name plaintiff [Dkt. No. 29]. In response, on October 23, 2018, Defendants filed cross-motions to dismiss the complaint [Dkt. No. 35] and for a protective order to prevent Plaintiff's Counsel from

3

communicating with putative class members about the case [Dkt. No. 36].

Shortly thereafter, on October 29, 2018, Plaintiff's Counsel argued that the cross-motions for protective orders had become moot because Defendants had successfully identified the remaining putative class members and negotiated private settlements with them. [See Dkt. No. 37]. At this point, Plaintiff's Counsel conceded that they could no longer pursue the case because Defendants' private settlements had convinced every putative class member to withdraw from the case. As a result, Plaintiff Counsel argued that they had no choice but to file a Motion for Voluntary Dismissal of the case in its entirety. [Dkt. No. 38]. However, Plaintiff's Counsel filed a Motion for Attorneys' Fees [Dkt. No. 42], arguing that it should be entitled to attorneys' fees because Mr. Kessler had "prevailed" in the matter by obtaining a settlement from Defendants.

II. **DISCUSSION**

Now, this matter comes before the Court upon seven pending motions filed by the parties. Below, the Court will address each of them.

### A. Motions to Dismiss

There are currently three pending motions to dismiss in this matter. Plaintiff's first motion to dismiss [Dkt. No. 30], was a procedural effort by Plaintiff's Counsel to continue pursuing the case by dismissing Mr. Kessler and substituting a different name plaintiff. However, this effort was mooted by Plaintiff's second, broader, voluntary motion to dismiss the case in its entirety [Dkt. No. 38], which noted that there are no longer any putative class members willing to pursue the case.

In their motion to dismiss, Defendants argue that this Court must dismiss the case because there is no longer an active case or controversy. This Court disagrees.

In Lynn's Food Stores, the Eleventh Circuit Court of Appeals observed:

> "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages."

5

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982); see also Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016)(applying the Eleventh Circuit's reasoning from Lynn's Food Stores).

"Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." Chillogallo v. John Doe LLC #1, 2018 WL 4735737, at *1 (D.N.J. Oct. 1, 2018)(quoting Bettger v. Crossmark, Inc., 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)); see also Kraus, 155 F. Supp. 3d at 524 (finding that other district courts in the Third Circuit have consistently held that private FLSA must be submitted to the court for judicial scrutiny and approval).

In cases such as these, the district court may enter a stipulated judgment "if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Brumley v. Camin Cargo Control, Inc., No. 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012)(citing Lynn's Food Stores, 679 F.2d at 1354).  However, "to approve a [private] settlement merely because the parties agreed, regardless of its terms, thwarts Congress's goals in enacting [the FLSA's] type of protective legislation and deprecates the

6

employee's rights provided for under the statute." Kraus, 155 F. Supp. 3d at 526.

In Defendants' briefs and other correspondence to this Court, Defendants carefully avoid stating outright that Plaintiff's withdrawal from the case was based on a private and confidential settlement agreement. However, in a letter to this Court, Defendants attached the signature page from a confidential settlement agreement (specifically mentioning confidential resolution of claims in this case), signed by Bernard Peraino, one of the Putative Opt-In Plaintiffs. [See Dkt. No. 24, Exhibit B]. Defendants submitted this signature page to demonstrate that Plaintiff's Counsel was precluded from pursuing the case on Mr. Peraino's behalf because he had privately agreed to settle his claims related to this case. Unless Mr. Kessler and Defendants attest in sworn declarations that no private settlement agreement exists, this Court will assume that Mr. Kessler's decision to withdraw was based on a similar private settlement agreement, which must be approved by this Court to be enforceable.

Without the ability to review the settlement agreement between Defendants and Mr. Kessler, this Court is unable to determine whether it is a "fair and reasonable resolution" of Plaintiff's FLSA claims. Until the agreement is submitted for this Court's review, there continues to be an active case and

7

controversy, and this Court will not grant either parties' requests to dismiss the case.

### B. *Motion for Attorneys' Fees*

In relevant part, the Fair Labor Standards Act ("FLSA"), provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  However, "[t]his provision only provides for costs to a prevailing plaintiff." See Camesi v. Univ. of Pittsburgh Med. Ctr., 753 F. App'x 135, 140 (3d Cir. 2018)(emphasis added).

Plaintiff's Counsel argue that Plaintiff and Putative Opt-In Plaintiffs were essentially "prevailing" parties, because they received private settlement agreements with "sufficient promises to induce the plaintiffs to drop their claims." [Dkt. No. 42-3, at 5].  Plaintiff's attorneys speculate that "Defendants opted to pay each plaintiff (or otherwise resolve the case) in a way that was outside of the Court's oversight and without the plaintiff's Counsel's review or advice." Id.  As such, Plaintiff's Counsel assert that Defendants' actions frustrate public policy, specifically, the FLSA's remedial purpose and the requirement that FLSA settlements be scrutinized and approved by the Court. Id.  Therefore, Plaintiff's Counsel

8

claim that they are entitled to an award of attorneys' fees and costs.

In theory, this Court agrees that the intent of the FLSA would be frustrated if Plaintiff's Counsel were deprived of their ability to recover attorneys' fees because Defendants chose to secure a private settlement agreement from Plaintiff without the presence of counsel.  However, any attorneys' fees awarded would only be deemed reasonable to the extent they were incurred in the course of Smith Eibeler's attorney-client relationship with Mr. Kessler (or otherwise relate to actions taken at Mr. Kessler's direction).  Regardless, at this time, the parties have not asked this Court to approve any settlement agreement or enter a stipulated judgment.  Therefore, Plaintiff's Counsel's Motion for Attorneys' Fees is premature and must be denied.

### C. Other Pending Motions

The remaining motions pending in this case will be denied as moot.  As previously discussed, Plaintiff's Counsel's motions to amend the complaint and for a protective order are moot because there are no longer any putative class members willing to serve as a name plaintiff.  Similarly, Defendants' cross-motion for a protective order is also moot, because, by Smith

9

Eibeler's own admission, there are no further putative class members left to discuss the case with.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiff's Counsel's Motion for a Protective Order [Dkt. No. 28], Plaintiff's Counsel's Motion to Amend/Correct the Complaint [Dkt. No. 29], Plaintiff's Counsel's Motion to Dismiss Plaintiff Daniel Kessler [Dkt. No. 30], and Defendants' Cross-Motion for a Protective Order [Dkt. No. 36] will be **DENIED AS MOOT**.  Additionally, Plaintiff's Voluntary Motion to Dismiss [Dkt. No. 38], Defendants' Cross-Motion to Dismiss [Dkt. No. 35], and Plaintiff's Counsel's Motion for Attorneys' Fees [Dkt. No. 42] will be **DENIED WITHOUT PREJUDICE**.  Furthermore, Defendants will be **ORDERED** to submit their settlement agreement with Mr. Kessler for this Court's review and approval, or attest that no such agreement exists.  An appropriate Order shall issue on this date.

DATED: May 17, 2019

>                              s/_Renee Marie Bumb_
>                              RENÉE MARIE BUMB
>                              United States District Judge